The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Lorrie L. Dollar and the briefs and oral arguments before the Full Commission. The appealing party has failed to show good ground to reconsider the evidence, receive further evidence, or to amend the prior Opinion and Award.
* * * * * * * * *
EVIDENTIARY RULING
Commissioner, the depositions of Bruce A. Hilton, D.C.; D. Dennis Payne, M.D., and H. Grey Winfield, III, M.D., were received into evidence. The objections raised therein are ruled upon in accordance with the law and this Opinion and Award
* * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in the Form 21 Agreement for Compensation, which was approved by the Commission on June 3, 1992, in the two I.C. Form 26 Supplemental Agreements, approved on July 15, 1992 and September 24, 1993 respectively; and in the Pre-Trial Agreement, which was filed on August 4, 1995, and at the hearing on August 15, 1995 as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and an employment relationship existed between the parties on March 3, 1992.
2. Defendant was a duly qualified self-insured, with Alexsis, Inc., as the servicing agent.
3. Plaintiff sustained an injury by accident arising out of and in the course of his employment on March 3, 1992. As a result of the compensable injury, plaintiff received temporary total disability compensation from March 17, 1992 to April 12, 1992, and from May 29, 1992 to July 12, 1992.
4. Plaintiff's average weekly wage was $339.20, which yields a weekly compensation rate of $226.14.
5. Plaintiff was rated as retaining a five percent permanent partial impairment to her back, for which the parties entered into the Form 26, which was approved on September 24, 1993.
6. The issue for determination is whether plaintiff has sustained a substantial change of condition since October 15, 1993, which was the last payment of compensation; and if so, to what additional benefits may she be entitled.
7. The parties stipulated the medical reports of Dr. Maher Habashi, Dr. H. Grey Winfield, Dr. A. Gregory Rosenfeld, and Bruce Hilton, D.C. into evidence.
* * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the injury giving rise to this claim, plaintiff was a forty-eight year old female who had been employed with defendant for six years.
2. Following the admittedly compensable injury, plaintiff was initially referred to Dr. Robert Hart, a family practitioner who served as defendant's doctor. Dr. Hart ordered therapy for her complaints of mid-back pain, which did not provide relief to plaintiff's symptoms; and on March 31, 1992, Dr. Hart referred plaintiff to orthopedist Dr. H. Grey Winfield, III. Dr. Winfield's examination found plaintiff to have a full range of motion in the lower extremity, to be a bit histrionic in her heel-toe walk, and to exhibit some symptom magnification. Plaintiff continued to treat with Dr. Winfield through May 21, 1992; and thereafter, plaintiff did not return for the follow-up assessment.
3. On August 2, 1995, plaintiff returned to Dr. Winfield, at which time she complained of neck and bilateral arm pain. She also complained of swelling in the hands, and back pain from the neck through the lumbar area, and radiating into both legs. Dr. Winfield's physical examination found plaintiff to be neurologically intact with a full range of motion for the hips, knees and ankles. Diagnostic testing, EMG, NCV, pelvic CT, lumbar myelogram and post-myelogram CT scan and hip-x-rays were all reported as normal. Dr. Winfield found that plaintiff's restriction of neck movement was not due to an anatomical basis.
4. Dr. Winfield opined that complaints which plaintiff currently voices are not causally related to the prior compensable injury.
5. On her own, plaintiff began treatment with Bruce Hilton, D.C. on November 9, 1992; thereafter, on July 20, 1993, she was rated as retaining a five percent permanent partial impairment to her back. At the time of the rating, she complained of back and right hip pain, with tingling into the right leg.
6. Plaintiff returned for chiropractic treatment for a popping right hip on August 20, 1994; and Dr. Hilton testified that her condition appeared to be the same as before, but had substantially worsened.
7. Plaintiff was terminated from her job on October 19, 1994 by Karen Hightower, the supervisor, after she could no longer perform the job.
8. Plaintiff received twenty-four weeks of unemployment compensation at the rate of $177.00 per week.
9. On June 19, 1995, plaintiff began seeing Dr. Dennis Payne, a rheumatologist. Dr. Payne diagnosed plaintiff as having reactive fibromyalgia, which was causally related to the injury by accident of March 3, 1992.
* * * * * * * * * * *
Based upon the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff has sustained a substantial change of condition, within the meaning of G.S. § 97-47, as a result of which she is entitled to an additional period of temporary total disability compensation from October 20, 1994. G.S. § 97-29.
2. Defendant is entitled to a credit for the twenty-four weeks of unemployment compensation which plaintiff received. G.S. § 97-42.1.
3. Plaintiff is entitled to have defendant pay medical expenses incurred, or to be incurred, including treatment by Dr. Payne and Bruce Hilton, D.C. G.S. § 97-25.
* * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to a reasonable attorney's fee herein approved, defendant shall pay temporary total disability compensation to plaintiff at the rate of $226.14 per week from October 20, 1994 and continuing until further orders of the Commission, subject to a credit for unemployment compensation. As much of said compensation as has accrued shall be paid to plaintiff in a lump sum.
2. A reasonable attorney's fee of twenty-five percent of compensation awarded in paragraph 1 herein is approved to be deducted from sums due plaintiff and shall be paid directly to counsel. Thereafter, every fourth check shall be paid directly to counsel.
3. Defendant shall pay medical expenses incurred, or to be incurred.
4. Defendant shall pay the costs, including an expert witness fees of $290.00 to H. Grey Winfield, III, M.D.; $320.00 to D. Dennis Payne, M.D.; and $100.00 to Bruce A. Hilton, D.C.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ____________ COY M. VANCE COMMISSIONER
DISSENTING:
S/ ____________ DIANNE C. SELLERS COMMISSIONER
Filed Date: 6/2/97